1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re Ex Parte Application of<br><br>MOTOROLA MOBILITY, LLC,<br><br>Applicant. | Case No.: C 12-80243 EJD (PSG)<br><br>**ORDER GRANTING EX PARTE APPLICATION PURSUANT TO 28 U.S.C. § 1782 PERMITTING DISCOVERY FOR USE IN FOREIGN PROCEEDING**<br><br>**(Re: Docket No. 1)** |

Motorola Mobility, LLC ("Motorola") applies ex parte to obtain certain discovery from Apple, Inc. ("Apple") for use in foreign proceedings pursuant to 28 U.S.C. §1782.

## I.   BACKGROUND

Motorola has filed cases in German courts accusing Apple's iPhone and iPad product lines of infringing Motorola patents, including patents essential to practice 2G and 3G wireless communication standards. Motorola's alleged claims are pending before the Higher District Court of Karlsruhe, Germany and the District Court of Mannheim, Germany. Apple asserts in its defense to Motorola's infringement allegations that Motorola has offered to license its essential cellular communication patents on terms that violate German and European competition laws.

Motorola seeks discovery from Apple on the following topics:
- all documents that grant, granted or purport to grant Apple rights, protections, or licenses in any wireless intellectual property rights;

- all communications with Apple and/or third parties that relate to documents produced in response to the request above;

- any and all transcripts, including exhibits, of Boris Teksler's depositions in certain matters and cases;

- any and all transcripts, including exhibits, of Richard "Chip" Lutton's depositions in certain matters and cases; and

- any and all transcripts, including exhibits, of Bruce "B.J." Watrou's deposition in the *Apple, Inc. v. Motorola, Inc., et al.,* No. 1:11-cv-8540 (N.D. Ill.).

## II. LEGAL STANDARDS

A district court may grant an application pursuant to 28 U.S.C. § 1782 where (1) the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or internal tribunal or any interested person.[1]

Though the court has authority under Section 1782 to permit discovery, it is not mandated to do so.[2] In *Intel v. Advanced Micro Devices, Inc.,* the Supreme Court identified several factors that a court should consider in its exercise of discretion on a Section 1782 request:

(1) Whether the material sought is within the foreign tribunal's jurisdictional reach and thus accessible absent Section 1782 aid; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court jurisdictional assistance; (3) whether the Section 1782 request conceals an attempt to circumvent foreign-proof gathering restrictions or other policies of a foreign country or the United States; and (4) whether the subpoena contains unduly intrusive or burdensome requests.[3]

It is common for requests to obtain an order pursuant to Section 1782 to be conducted ex parte.[4] Such ex parte applications are typically justified by the fact that the parties will be given

---

[1] *See* 28 U.S.C. § 1782(a); *In re Republic of Ecuador,* Case No. 10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sep. 15, 2010).

[2] *See Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 264 (2004).

[3] *See id*.

[4] *See In re Republic of Ecuador,* 2010 WL 3702427, at *2.

2

Case No.: C 12-080243 EJD (PSG)
ORDER

adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.[5]

### III. DISCUSSION

#### A. Authority to Issue Subpoena

As noted above, for the court to have authority to grant Motorola's request, three conditions must be satisfied: (1) the party from whom discovery is sought must be within the court's district; (2) the discovery must be for use in a proceeding before a foreign tribunal; and (3) the application must be made by a foreign or international tribunal or any interested person.[6]

Here, the conditions have been satisfied. Apple, the party from whom discovery is sought, is located in Cupertino, California, which is located within the court's district. Motorola accuses Apple's iPhone and iPad product lines of infringing Motorola patents, including patents essential to practice 2G and 3G wireless communication standards, in cases pending before the Higher District Court of Karlsruhe, Germany and the District Court of Manheim, Germany. This satisfies the second condition.[7] Because it is a party in the foreign proceeding, Motorola is an interested party, satisfying the third criterion.[8]

#### B. Discretionary Factors

Having concluded that it has authority to issue the subpoena, the court now turns to the question of whether the *Intel* discretionary factors weigh in favor of issuance of the subpoena.

##### 1. Jurisdictional Reach

Because a "foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence," "the need for §1782(a) aid generally is not as apparent as . . .

---

[5] *Id.*

[6] *See id.*; 28 U.S.C. §1782(a).

[7] *See* Docket No. 1.

[8] *Intel,* 542 U.S. at 256 (noting that an interested person "plainly reaches beyond the universe of persons designated 'litigant,'" although there is "[n]o doubt that litigants are included among, and may be the most common example).

3
Case No.: C 12-080243 EJD (PSG)
ORDER

when evidence is sought for a nonparticipant in the matter arising abroad."[9] Thus, discovery required from a non-party weighs in favor of granting the subpoena.

Here, although its products are at issue, Apple is not a party to Motorola's patent infringement cases, and therefore this condition weighs in Motorola's favor.

### 2. Nature and Receptivity of Foreign Tribunals

The "nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court assistance" are relevant to the second condition.[10] Aside from noting that other cases have recognized the receptiveness of German courts to the use of discovery obtained through Section 1782, Motorola has not provided specific evidence regarding the receptivity of the German courts to discovery from Apple. As a result, the court has insufficient information to determine whether the German courts will accept the discovered evidence from Apple. The court, therefore, considers this factor neutral.

### 3. Attempt to Circumvent Foreign Proof-Gathering Restrictions and Policies

There is nothing to suggest that Motorola's Section 1782 request is an attempt to circumvent German restrictions on discovery in civil proceedings. Because there is no indication in the record of an attempt to subvert a foreign tribunal's restrictions, the court finds that this factor weighs in favor of Motorola.

### 4. Undue Intrusion of Burden

Motorola seeks discovery in five categories of information. Motorola's request appears narrowly tailored to the allegations it advances in the civil proceedings in Germany. The court finds this factor weighs in Motorola's favor.

### IV. CONCLUSION

Having determined the four criteria weigh in favor of allowing discovery, the court GRANTS Motorola's request. This determination is without prejudice to Apple or any other party who may seek to quash or modify the subpoena.

---

[9] *Id.* at 264.

[10] *Id.*

4

Case No.: C 12-080243 EJD (PSG)
ORDER

1    **IT IS SO ORDERED.**

2    Dated: October 17, 2012

3    PAUL S. GREWAL
     United States Magistrate Judge

5

Case No.: C 12-080243 EJD (PSG)
ORDER