1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re* Ex Parte Application of<br><br>MOTOROLA MOBILITY, LLC,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery from Apple Inc. for Use in Foreign Proceedings. | Case No.: 5:12-mc-80243-EJD<br><br>**STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER** |

On October 17, 2012, the Court issued its Order pursuant to 28 U.S.C. § 1782 granting Motorola Mobility, LLC ("Motorola") leave to obtain discovery from Apple Inc. for use in foreign proceedings. On October 18, 2012, Motorola served Apple with a subpoena identifying the documents it seeks for use in those foreign proceedings.

Whereas, Apple wishes to protect the confidential, proprietary, and/or commercially sensitive information of certain documents sought by Motorola;

Apple and Motorola hereby stipulate and agree as follows:

The Court hereby orders that Apple may, in good faith, designate material produced in response to this subpoena that is confidential, proprietary, and/or commercially sensitive information marked as "CONFIDENTIAL." Once produced and so designated, or if no designation is necessary, Apple may use these documents in the foreign proceedings to the same extent as Motorola.

The following protections shall apply to information produced by Apple pursuant to the subpoena at issue marked CONFIDENTIAL:

1. Motorola's in-house counsel and other Motorola personnel shall not be permitted access to confidential information;
2. Motorola shall not permit access to the confidential information by anyone except (a) German court personnel; (b) qualified retained experts as defined below; and (c) Motorola outside counsel who have agreed in writing to be bound to the terms of this protective order and who need to see this Apple confidential information for purposes of putting on Motorola's claims or defenses in any German litigation(s);
3. "Qualified retained experts" as used above means retained experts who are qualified in advance with an opportunity for Apple to make reasonable objections within ten (10) calendar days after disclosure of any such expert. If, after meeting and conferring in good faith following such objection, the parties are unable to resolve the objection, Apple shall have five (5) calendar days from the date of its objection in which to file a motion for a protective order with this Court, after which time it shall be deemed to

have waived its objections. Each such qualified expert will agree in writing to be bound to the terms of this protective order and will only be given access if he or she needs to see Apple's confidential information for purposes of putting on Motorola's claims or defenses in any German litigation(s);

4. Motorola agrees to stipulate and move any applicable German court to close the courtroom during those portions of hearings when Apple's confidential information is to be discussed. If the German court refuses to close the courtroom, Motorola may nevertheless make use of the Apple confidential information, but agrees to use its best efforts to ensure that Motorola's confidential information will not be made public, including, for example, referring to citations to the sealed written record and directing all witnesses to refer to citations to the written record. In any situation where Apple confidential information must be made public in a German court, Motorola will continue to use its best efforts to minimize the Apple confidential information that would in fact be made public, both in terms of quantity and the commercial sensitivity of such Apple confidential information;

5. After receiving notice Motorola will promptly notify Apple and its counsel of any attempt by a third party to the German proceedings to access any such Apple confidential information that was in fact used in the record of those proceedings, or of any attempt by any third party to intervene in the German proceedings, in sufficient time to allow Apple to object, with the cooperation of the parties in the proceeding, and to have such objection timely resolved by the German court to ensure adequate protections remain in place; and

6. Motorola will give Apple advance notice (at least 2 weeks where possible, and promptly where Motorola has less than 2 weeks notice) of any hearings at which its confidential information may be used and an opportunity to attend.

DATED:       November 13, 2012

By:    /s/ Brian C. Cannon

Brian C. Cannon

QUINN EMANUEL URQUHART & SULLIVAN LLP
Attorneys for Motorola Mobility, LLC

By:    /s/ E. Daniel Robinson

E. Daniel Robinson

COVINGTON & BURLING LLP
Attorneys for Apple Inc.

IT IS SO ORDERED

Dated:  July 23, 2013

By: *[signature: Paul S. Grewal]*

~~Hon. Edward J. Davila~~
~~United States District Court Judge~~
The Hon. Judge Paul S. Grewal
U.S. Magistrate Judge

**DECLARATION OF CONSENT**

Pursuant to General Order No. 45, Section X(B) regarding signatures, I attest under the penalty of perjury that concurrence in the filing of this document has been obtained from counsel for Apple Inc.

By:   /s/   Brian C. Cannon
Brian C. Cannon